IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER ANTONIO GROVES,

|                          |   |
|--------------------------|---|

*Plaintiff,*

*v.*

CAUSE NO. 3:21-CV-695-CWR-LGI

WARDEN JAMES MILLER, et al.,

*Defendants.*

## ORDER

A variety of motions are before the Court. The primary matters are the Report and Recommendation ("R&R") of the United States Magistrate Judge, Docket No. 62, and plaintiff Christopher Antonio Groves' objections to the R&R, Docket Nos. 65-66.

The Court previously expressed two concerns with this case. *See* Docket No. 67. One was the defendants' failure to obey the Court's Orders, as they related to producing the video showing Mr. Groves' assault. The other was whether there was a fact dispute on "whether Warden Miller personally knew of Mr. Groves' serious medical need, yet consciously disregarded it." *Id.* To hear more about these issues, the Court convened a hearing on May 13, 2024. It later took the matter under advisement.

Now, having considered all the record evidence in detail, the Court adopts the R&R's findings and conclusions except as to Mr. Groves' denial of medical care claim against defendants Warden Miller and Officer Stephen Bailey.

To prevail on a claim of denial of medical care claim, the plaintiff must show that the defendant had "subjective knowledge of a substantial risk of serious medical harm, followed

by a response of deliberate indifference." *Nerren v. Livingston Police Dept.*, 86 F.3d 469, 473 (5th Cir. 1996) (citing *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc)). "Deliberate indifference may be established through inferences arising from circumstantial evidence, and a factfinder may infer the requisite knowledge from the fact that the risk of harm was 'obvious.'" *Austin v. City of Pasadena, Tex.*, 74 F.4th 312, 328 (5th Cir. 2023).

As to Warden Miller and Officer Bailey, Mr. Groves' claim concerns their denial of medical care on the date he was assaulted, not the eventual x-ray Mr. Groves received. And there is a factual dispute as to whether Mr. Groves can prevail on this narrow claim.

First, Mr. Groves has submitted statements sworn under penalty of perjury that his neck and back injuries were serious. *See* Docket No. 1 at 4. Some are found in his verified complaint. *Id.* Others are in a notarized response to a Court Order. *See* Docket No. 8. The Magistrate Judge summarized this sworn evidence in a prior Order as follows:

> Plaintiff alleges he suffered severe neck injuries as a result of the incident. Doc. [1] at 4. He claims he had severe pain and numbness in his neck and back. *See* Doc. [8] at 2. Plaintiff claims his pain is ongoing and causes difficulty walking, and he claims standing for long periods causes constant pain and agonizing numbness in arms and legs. *Id.* He alleges he has tried to get help, but "no one seems to care." Doc. [1] at 4. He claims a nurse came into the Warden's office to administer his Haldol shot but did not provide any medical assessment for his injuries. *Id.*

Docket No. 29 at 2.

Second, there is a factual dispute as to whether Warden Miller and Officer Bailey knew of the substantial risk to Mr. Groves. Mr. Groves was restrained when attacked. Officer Bailey then immediately escorted him to Warden Miller's office. Mr. Groves says he and Officer Bailey told the Warden what occurred. They observed his condition firsthand. And here, Mr.

Groves has submitted evidence that his neck and back injuries were serious. There is no documentation or other record evidence to the contrary.

At this stage, the Court must view the evidence "in the light most favorable to the nonmoving party and likewise draw all reasonable inferences in that party's favor." *Ryder v. Union Pac. R.R. Co.*, 945 F.3d 194 (5th Cir. 2019). Applied here, a reasonable jury could look at the evidence, evaluate Mr. Groves' credibility, and find that Officer Bailey and Warden Miller knew of Mr. Groves' serious injuries the day of the attack yet took no action.

That last point is undisputed. Everyone agrees that neither Officer Bailey nor Warden Miller took Mr. Groves to the medical unit for evaluation or treatment. As one MDOC employee recounted in a 2023 affidavit, "there is no documentation or Investigation report pertaining to the assault . . . no medical records from Inmate Groves regarding an assault on the mentioned date, No Incident Reports or statements." Docket No. 61-2. The defendants now admit that they failed to preserve video evidence of the assault. *See* Docket No. 61-1 at 2. The record is therefore consistent with what one might expect to see in a denial of medical care claim. No one saw anything, and no one did anything.

The defendants then point to an October 2021 sick call request to say that Mr. Groves "waited over five months to complain about an injury due to an attack in medical." Docket No. 44 at 12 n.1. The suggestion is that Mr. Groves is not credible.

The summary-judgment standard forbids the Court from making credibility determinations between competing evidence; that task is for the jury. Even still, the record contains two ARP requests in which Mr. Groves complained about the assault right after it happened. His May 2021 ARP was rejected for unknown reasons, despite having two MDOC stamps on it confirming its receipt. Docket No. 7-2. MDOC then rejected as untimely Mr.

Groves' July 2021 ARP. Docket No. 7-1. The contemporaneous ARPs bolster Mr. Groves' credibility. They are, in fact, suggestive of the underlying premise of his claim. Just as MDOC ignored Mr. Groves' ARPs, Warden Miller and Officer Bailey too ignored his obvious need for medical care on the day he was assaulted.

Lastly, the doctrine of qualified immunity does not entitle Warden Miller or Officer Bailey to summary judgment on this claim. It was clearly established in this Circuit that a prison employee cannot ignore the serious medical needs of an incarcerated person and ignore or refuse them access to medical treatment. *See Easter v. Powell*, 467 F.3d 459, 465 (5th Cir. 2006). Crediting the above evidence in the non-movant's favor, as the Court must at this stage, indicates that Warden Miller and Officer Bailey's decision to ignore Mr. Groves' serious medical needs was objectively unreasonable in light of this clearly established law. *See, e.g., id.*; *Ford v. Anderson Cnty., Tex.*, 102 F.4th 292, 309 (5th Cir. 2024); *Austin*, 74 F.4th at 330 (denying summary judgment).

The R&R is adopted as this Court's Order as to all claims against all defendants, with the exception of Mr. Groves' denial of medical care claim as to Warden Miller and Officer Bailey. Mr. Groves' objection is sustained on that claim as to those defendants. All other pending motions in this case are denied, except Mr. Groves' motion for appointment of counsel, Docket No. 73. That will be resolved by separate written Order.

**SO ORDERED**, this the 29th day of August, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

4